DUFRESNE, Judge.
This is an appeal by Elissa Sloane Scelfo (plaintiff-mother) from a judgment on a rule to change child custody. The plaintiff-mother filed a motion to transfer child custody and terminate a prior order granting the father, Sam P. Scelfo (defendant) sole custody of the two children of the marriage.
The general facts of this controversy are that the parties were married in 1971 and there are two children at issue, namely, Stacey A. Scelfo, age 14 and Sam P. Scelfo, III, age 5. They lived together in Jefferson Parish, Louisiana until they separated in March of 1981. Originally the mother gained legal custody of the children in accordance with a January 18, 1982, judgment. Later in 1982, the mother voluntarily relinquished actual physical custody of the children to the defendant-father. After this transfer the parties were divorced by judgment in September 1982, in which the father was granted sole legal custody of the children, subject to reasonable visitation by the mother. This custody arrangement was entered into as a result of a consent judgment with the parties.
The mother has attempted to regain custody of her children on two other occasions. At both hearings the trial court denied any change in custody.
The latest rule to transfer child custody was filed by the mother on September 7, 1984. That rule was heard during October 1984, and the mother’s request for custody was again rejected. From this judgment the plaintiff-mother has appealed and urges that the trial court abused its discretion in not awarding custody to her and that joint custody would be in the best interest of the children.
The mother argues that the children are living in an unwholesome domestic environment. She asserts that the father was conducting an illicit relationship, in which he had his girlfriend move into the house occupied by him and the two minor children. The plaintiffs evidence introduced at the custody hearing consisted primarily of the testimony of several private investigators concerning a woman friend of the defendant spending the night on two occasions at his home and on one occasion at a condo in Gulf Shores, Alabama.
The defendant offered evidence as to his fitness as a parent and his fitness to retain custody. He professed his love for his children and demonstrated his love in the every day acts of life in rearing them. He takes them to school. Stacy, the older child, attends a Catholic school and Sammy is in a private pre-school. He helps Stacy with her studies and she gets religious training at school and they attend Mass together. The defendant has a large family of brothers and sisters who interact well with the children, including his brother *1024 Robert who lives with them. The children are in excellent health and the defendant takes care of their physical and medical needs and provides their financial support without any help from their mother. The children live in a stable environment, in the same location for two and one-half years, and have a regular routine, knowing their limits and responsibilities. Additionally, the children get along well with their father’s fiancee and with her parents.
Eddie Kurtz, defendant’s next door neighbor, who has four children of his own, testified he has known the defendant in his present situation for about two and one-half years and sees him often. He sees the defendant playing with the children and taking them to school, and as a parent himself he can see they are happy children in their environment. Further, he noted the children are both robust and sharp and that the defendant is always pleasant and considerate of his children.
Jeanette Glover, a maid who baby sat for the defendant over the summer of 1984 worked five days a week, from 8 a.m. to 6 p.m. and testified that the defendant takes good care of his children, and sees that they are properly clothed and fed.
Robert Scelfo, a brother of the defendant, also testified as to the love and care the defendant gives his children.
Admittedly, the defendant states that he made a mistake by allowing his fiancee to move into his home for a brief period of time after the first custody hearing in May. The defendant’s fiancee stayed in his brother Bobby’s bedroom which is separated from defendant’s bedroom by Stacy’s bedroom. The defendant admitted this was poor judgment although Sammy (minor son) slept with him every night throughout that period as he had done ever since he was given custody. He also testified that no sex activity ever occurred in the presence of the children. His fiancee has moved out of the residence and would not stay there again over night until they are married in June 1985.
Corroborating testimony was offered by appellee's brother, Robert Scelfo, who stated that defendant’s fiancee had stayed at the house for 3 or 4 weeks and that she occupied his bedroom which is next to Stacy’s and that little Sammy slept with his father. Robert Scelfo said he stayed on the couch downstairs, when he slept at home. He also testified that he had never observed sex play between the appellee and his fiancee.
Defendant contends that it was not generally known that his fiancee ever stayed overnight at his home. His next door neighbor, Eddie Kurtz, had lived there for two and a half years and saw the defendant and his children frequently, said he knew the defendant’s fiancee about a year and a half. Under cross examination, Mr. Kurtz testified that he had no knowledge that defendant’s fiancee ever lived with the defendant nor did he know that she spent a lot of time there.
Jeanette Glover, the maid, testified similarly to Mr. Kurtz and under cross examination said she didn’t know if defendant’s fiancee lived there for a period of time because she never stayed there when Mrs. Glover was there.
The law applicable to this controversy is LSA-C.C. arts. 146 and 157. The sole criterion in determining when a change of custody is appropriate is the best interest of the child. Turner v. Turner, 455 So.2d 1374 (La.1984). LSA-C.C. art. 146(C) establishes a rebuttable presumption that joint custody is in the best interest of minor children. This presumption is properly rebutted by a showing that a different arrangement is in the minor children’s best interest.
LSA-C.C. art. 146(C)(2) sets forth a number of factors which are to be considered in determining whether the presumption in favor of joint custody has been sufficiently rebutted. Furthermore, the standard of appellate review is whether the trial court has clearly abused its broad discretionary powers in fixing child custody. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980) and Goldman v. Logue, 461 So.2d 469 (La.App. 5th Cir.1984).
*1025 Considering these principles in light of the circumstances involved herein we have concluded that the trial court did not abuse its discretion in denying the transfer of custody to the plaintiff-mother. Our review of the record reveals that:
1.) There exists a great amount of love, affection and emotional ties between the father and his children,
2.) There is guidance and assistance in school work and religious activities,
3.) There is adequate financial support and sufficient evidence that the children are physically, mentally and emotionally healthy,
4.) There seems to be no disruptive behavior between the children,
5.) There is no evidence that either child prefers to be with the mother.
After reviewing the record, we find the two minor children well adjusted and living in a stable environment, and find that the activities of the defendant-father have not adversely affected the children in any way.
With guidance from Turner v. Turner, supra, as well as considering all other relevant evidence, we find that the trial court’s decision to deny sole custody to the plaintiff-mother and further disallowing joint custody on the grounds that the best interest of the child would be served by such a denial was not a clear abuse of his discretion.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.